

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| KAREN LEE ECKER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:15-04040-MGL |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

## I.    INTRODUCTION

This case was filed as a breach of contract action. The Court has jurisdiction over the matter under 28 U.S.C. § 1332. Pending before the Court are Plaintiff Karen Lee Ecker's motion to remand and Defendant Liberty Mutual Insurance Company's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Having carefully considered the motions, the responses, Defendant's reply, the record, and the applicable law, it is the judgment of the Court that Plaintiff's motion to remand will be denied, whereas Defendant's motion to dismiss will be granted.

## II.    FACTUAL AND PROCEDURAL HISTORY

This case was originally brought by Plaintiff in the Court of Common Pleas of Anderson County, South Carolina, alleging that she was insured by Defendant through an automobile

insurance policy, which contained Underinsured Motorist (UIM) coverage. ECF No. 4 at 1. Plaintiff states she was injured in a motor vehicle accident and claims the at-fault party did not have sufficient insurance coverage to pay for her injuries. *Id.* at 2. Subsequently, she demanded from Defendant payment of the policy limits in the amount of $50,000. ECF No. 7-1 at 2. When Defendant denied coverage, she brought the underlying action. ECF No. 4 at 2. In her Amended Complaint, Plaintiff asserts causes of action against Defendant for declaratory judgment, breach of contract, unfair trade practices, and bad faith refusal to pay first party benefits under an insurance policy. *Id.*

Defendant then filed a timely notice of removal pursuant to 28 U.S.C. § 1446. ECF No. 1. On the same day, Defendant filed its motion to dismiss under Rule 12(b)(6). ECF No. 4. Plaintiff countered by filing her motion to remand. ECF No. 5. The parties subsequently filed responses in opposition to the motions. ECF No. 7; ECF No. 10. Defendant also filed a reply to Plaintiff's response in opposition to its motion to dismiss. ECF No. 12. The Court, having been fully briefed on the relevant issues, is now prepared to make a determination on the merits of the motions.

### III.    STANDARD OF REVIEW

#### A.    Motion to Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

When a case is removed to federal court under diversity jurisdiction pursuant to 28 U.S.C. § 1332, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.00. 28 U.S.C. § 1446(c)(2)(B). Under Fourth Circuit law, "it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). Where a "plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

**B.      Motion to Dismiss Under Rule 12(b)(6)**

Defendant moves to dismiss this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint."

3

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a) (2).

Although Rule 8(a) does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice.  *Tellabs, Inc. v. Makor Issues*

4

*& Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent that "they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.  In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, even if doubtful in fact.  *Twombly*, 550 U.S. at 555.

## IV.    CONTENTIONS OF THE PARTIES

Plaintiff assures the Court that the amount in controversy does not exceed $75,000.00, and consequently argues that the case should be remanded to the state court.  Defendant argues that the Court properly has subject matter jurisdiction over the controversy and that Plaintiff's post-removal assurances are immaterial.

In regard to the motion to dismiss, Defendant avers that the Complaint lacks the allegation of an essential element required to maintain any of the causes of action Plaintiff asserts; namely, an allegation that Plaintiff has previously brought a lawsuit against the underlying tortfeasor as required by S.C. Code Ann. § 38-77-160 .  Further,  Defendant claims that Plaintiff cannot maintain its cause of action for Unfair Trade Practices and alleges that Plaintiff's complaint fails to comport with the

5

requisite standards in *Twombly*.  Finally, Defendant alleges that Plaintiff has failed to name the

correct entity that issued a policy to Plaintiff.


V.      **DISCUSSION AND ANALYSIS**

   A.      **Motion to Remand**

Applying the above standards to the instant matter, the Court notes that prior to removal,

Plaintiff sought an unspecified amount of actual damages in addition to treble damages under the

South Carolina Unfair Trade Practices Act, unspecified consequential damages, punitive damages,

and attorneys' fees.  ECF No. 1-2 at 6.  Crucially, the determination of the amount in controversy

is made at the time of removal "by reference to the plaintiff's complaint."  *JTH Tax, Inc. v. Frashier*,

624 F.3d 635, 638 (4th Cir. 2010).  Additionally, a case will not be dismissed for want of jurisdiction

if the district court "decides, by a preponderance of the evidence, [that] the amount-in-controversy

requirement has been satisfied."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554

(2014).

In this case, after removal, Plaintiff set forth in her motion to remand that "the amount of

controversy in the removal is less than $75,000.00."  ECF No. 5 at 1.  Where, as here, Plaintiff

demanded payment of the policy limits in the amount of $50,000 under the disputed underlying

insurance coverage, ECF No. 7-1 at 2, and also seeks treble damages, consequential damages, punitive damages, and attorneys' fees, the Court holds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  Further, Plaintiff's post-removal assurances that the amount in controversy does not exceed $75,000.00 are unavailing and do not deprive this Court of jurisdiction.  *See Frashier*, 624 F.3d at 638.  "If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction[,] the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice."  *St. Paul Mercury*, 303 U.S. at 294.  Consequently, the Court will deny Plaintiff's motion to remand.

### B.    Motion to Dismiss Under Rule 12(b)(6)

Defendant argues that the Complaint should be dismissed because there is no allegation that Plaintiff first brought a lawsuit against the original tortfeasor and served Defendant with proof of the same.  S.C. Code Ann. § 38-77-160 provides in relevant part that "[n]o action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision."  *Id.*  The South Carolina Supreme Court has held that a plaintiff cannot maintain her action against an insurer "absent compliance with the requirement that pleadings in the action establishing liability be served on the underinsured carrier."  *Williams v. Selective Ins. Co. of Se.*,

446 S.E.2d 402, 404 (S.C. 1994). Importantly, the Fourth Circuit Court of Appeals has embraced the holding of *Williams*, holding that "South Carolina law expressly provides that when an insured seeks compensation under an Underinsured Motorist provision, the insured must serve copies of pleadings against the at-fault motorist prior to commencing any action against the UIM insurer." *Potylicki v. Allstate Ins. Co.*, 386 F. App'x 435, 437-39 (4th Cir. 2010). Failure to serve copies of pleadings against the at-fault motorist prior to commencing an action against the UIM insurer constitutes a bar to the action against the UIM insurer, and this bar applies to both contract and tort claims raised against the UIM insurer. *See Halmon v. Am. Int'l Grp., Inc. Ins. Co.*, 586 F. Supp. 2d 401, 404-05, 408-09 (D.S.C. 2007) (dismissing the plaintiff's contract causes of action for the plaintiff's failure to sue the at-fault motorist prior to commencing an action against the UIM insurer and dismissing the tort causes of action because they were "premature," as the UIM insurer's "duty of good faith to Plaintiff regarding the payment of UIM benefits had not arisen, and thus could not have been violated").

In this case, the Complaint does not contain an allegation of this essential element. The Complaint does not contain an allegation that Plaintiff filed suit against the original tortfeasor in the underlying accident and served Defendant, and it is therefore deficient as it does not state a claim for relief that can be granted. Accordingly, the Court will grant Defendant's motion to dismiss.

Given that this holding is dispositive of the case, the Court need not address the parties' remaining arguments.

**VI.     CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiff's motion to remand is **DENIED**, whereas Defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 24th day of November, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE